[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury action in which the defendant, the owner of a hotel in Darien, has filed a motion to dismiss for lack of personal jurisdiction. Practice Book 143(2).
Service was initially made on March 3, 1990 on one Joseph Calzada, a hotel clerk, on the theory that he was the agent in charge at the time of service. Approximately a month later, but after the return date of March 20, 1990, the plaintiff served the defendant a second time by serving Leo McManus, as one authorized to accept service on behalf of a Richard Snyder, the statutory agency for service of process for the sole general partner of the defendant partnership.
On July 26, 1990 counsel for the defendant filed an appearance. and on September 13, 1990 the motion to dismiss (#107) was filed claiming that the action should be dismissed for failure to comply with General Statutes 52-57 (d), which requires that service on a partnership be made by serving a partner.
Defendant claims that the first service on March 3, 1990, was improper and that the second service, on April 6, 1990, was effected after the March 20, 1990 return date.
While the initial service of process was improper, the defendant did not file its motion to dismiss within thirty days of filing an CT Page 3868 appearance. If such a motion is not filed within this time period, a waivable jurisdictional defect such as insufficiency of service of process is deemed waived. In re Adrien C., 9 Conn. App. 506, 513, 519 A.2d 1241
(1987) ("The respondent, therefore, failed to comply with the thirty day requirement for filing a motion to dismiss. Practice Book 142. The court did not err in concluding that the respondent waived her right to contest the jurisdiction of the court.")
The motion to dismiss is therefore denied.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-eighth day of November, 1990.
LEWIS, J.